# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JOHN J. SULLIVAN,          )
          )
       Plaintiff,         )
          )
      v.          )     No. 4:19-CV-1504 PLC
          )
HEATHER COFER, et al.,        )
          )
       Defendants.      )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff John J. Sullivan (registration no. 1313206), an inmate at Farmington Correctional Center ("FCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.16. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $58.33. Accordingly, the Court will assess an initial partial filing fee of $1.16.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names as defendants in this action: Heather Cofer (Corrections Manager); Unknown Daugherty (Teacher); Warren Lawson (Unknown Title); and the Missouri Department of Corrections. Plaintiff names the individual defendants in their official capacities.

Plaintiff asserts that he should not be required to attend educational classes at Farmington Correctional Center. He asserts that he is almost 65 years old and he "received a certificate" when he was younger, and he should be given "freedom of choice" as to what he is allowed to do at the Correctional Center.

Attached to plaintiff's complaint is an Interoffice Communication from Heather Cofer, Corrections Manager, indicating plaintiff has yet to obtain his High School Equivalency. The communication is dated February 25, 2019, and it assigns plaintiff to attend education classes.

Also attached to the complaint is an Informal Resolution Request Response dated May 10, 2019, from a Functional Unit Manager at Farmington Correctional Center (name indecipherable). It states that plaintiff tried to sign out of education classes due to him turning sixty-five (65) years old in sixty (60) days but staff would not let him sign out. The response indicates that after plaintiff turns sixty-five (65) he may request to be removed from the education classes without disciplinary ramifications, however, his out date will still be affected.

For relief, plaintiff seeks injunctive relief only. He asks only to be able to "sign out" from the education classes prior to his birthday on June 27, 2019.

## Discussion

As plaintiff filed this action prior to his sixty-fifth (65th) birthday on May 23, 2019, his request for relief is moot. He acknowledged in his complaint that he would be able to sign out from the education classes on June 27, 2019. And plaintiff has not filed a supplement to his complaint since that time indicating that he has been barred from doing so. Thus, the Court will dismiss this action as moot.

Even if plaintiff had sought damages in this action, his action would be subject to dismissal. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.16 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of February, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE